IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RICKY DEWAYNE BOOTH,           )<br>                                )<br>     Petitioner,                )<br>                                )<br>v.                              )<br>                                )<br>WARDEN WILLIE THOMAS and the    )<br>ATTORNEY GENERAL OF             )<br>THE STATE OF ALABAMA,           )<br>                                )<br>     Respondents.               )  | 7:12-cv-0747-AKK-JEO |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Ricky Dewayne Booth ("Booth" or "Petitioner"), an Alabama state prisoner acting *pro se*. (Doc. 1). On December 30, 2014, the magistrate judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) recommending that the court deny the petition based on the applicable one-year statute of limitations, 28 U.S.C. § 2244(d)(1). (Doc. 33 ("R&R")). Booth has now filed objections to the R&R. (Doc. 36).

While Booth's objections span some 26 handwritten pages plus exhibits, rather than focusing on the statute of limitations issue, the bulk of Booth's submission is directed at the merits of his claims. In particular, Booth contends that his guilty plea was involuntary because he was allegedly not mentally competent and that his counsel rendered ineffective assistance. Relevant here, Booth argues generally that § 2244(d)(1) does not apply to his case because he was purportedly never proven competent to stand trial or plead guilty. (Doc. 36 at 15). Unfortunately for Booth, competency claims are not exempt from the AEDPA limitations period. *See, e.g., Hunter v. Ferrell*,

587 F.3d 1304, 1308 (11th Cir. 2009); *Mullins v. Quarterman*, 288 F. App'x 987 (5th Cir. 2008); *Fisher v. Gibson*, 262 F.3d 1135 (10th Cir.2001); *Pope v. Butler*, 2012 WL 4482388 (N.D. Ala. Aug. 8, 2012); *Humphrey v. Oubre*, 2010 WL 5555423 (M.D. Ga. Nov. 30, 2010); *Abdulkhafid v. Jackson*, 2009 WL 1850963 (S.D. Ga. June 26, 2009). Therefore, to the extent that Booth's objections contain additional arguments related to equitable tolling or actual innocence, his objections are unconvincing for reasons stated in the magistrate judge's discussions of those matters in the R&R.

Having carefully reviewed and considered de novo all the materials in the court file, including the magistrate judge's report and recommendation and Booth's objections thereto, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's objections are **OVERRULED**. As a result, the petition for writ of habeas corpus is due to be denied and this action is due to **DISMISSED WITH PREJUDICE**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. A separate Final Judgment will be entered.

**DONE**, this the 28th day of January, 2015.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE